**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| KATHRYN THOMAS,                    ) | |
|                                    ) | Case No.   17-CV-175 |
| Plaintiff,                         ) | |
|                                    ) | |
| v.                                 ) | **COMPLAINT** |
| ACCOUNT DISCOVERY SYSTEMS, LLC, and   ) | |
| CASCADE RECEIVABLES MANAGEMENT        ) | |
| LLC (CASCADE CAPITAL LLC),          ) | |
|                                    ) | **JURY DEMANDED** |
| Defendants.                        ) | |

Now comes the Plaintiff, KATHRYN THOMAS, by and through her attorneys, and for her

Complaint against the Defendants, ACCOUNT DISCOVERY SYSTEMS, LLC, and CASCADE

RECEIVABLES MANAGEMENT LLC (CASCADE CAPITAL LLC), Plaintiff alleges and states

as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for damages for violations of the Fair Debt Collection Practices

Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C.

§ 1692k(d).

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a

substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**PARTIES**

4.      Plaintiff is an individual who was at all relevant times residing in the State of Ohio.

5.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6.      At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), in that they held themselves out to be companies collecting a consumer debt allegedly owed by Plaintiff.

7.      The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8.      On information and belief, ACCOUNT DISCOVERY SYSTEMS, LLC ("ADS"), is a limited liability company of the State of New York, which is licensed to do business in Ohio, and which has its principal place of business in Amherst, New York.

9.      On information and belief, CASCADE RECEIVABLES MANAGEMENT LLC (CASCADE CAPITAL LLC) ("CASCADE"), is a limited liability company of the State of Delaware, which is licensed to do business in Ohio, and which has its principal place of business in Petaluma, California.

## FACTS COMMON TO ALL COUNTS

10.     On or about December 20, 2016, ADS, acting on behalf of CASCADE, and as the debt collector of CASCADE, placed a telephone call to Plaintiff in an attempt to collect the aforementioned alleged debt.

11.     During the conversation that ensued from said telephone call, Plaintiff spoke with two employees, agents and/or representatives of ADS, who identified themselves as Justin Miller and Dave Segal.

12.     Miller and/or Segal stated to Plaintiff that they could garnish her IRS tax refund and her wages. Miller and/or Segal also stated to Plaintiff that she could be taken to court, the information about the court case would be published and it would be a shame if anyone in Plaintiff's town found out about it.

13.     All of the actions of ADS as alleged herein were taken on behalf of CASCADE, and as the authorized agent and debt collector for CASCADE.

14.     In addition, neither ADS nor CASCADE provided Plaintiff with the legal notice required by 15 U.S.C. § 1692g.

15.     In their attempts to collect the alleged debt as outlined above, Defendants damaged Plaintiff and violated the FDCPA.

16.     As a result of Defendants' actions as outlined above, Plaintiff has suffered and is entitled to actual damages, statutory damages, court costs, as well as attorneys' fees. Plaintiff has also suffered and continues to suffer considerable stress, aggravation, emotional distress, and mental anguish.

## COUNT I

17.     Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 16 above as if reiterated herein.

18.     Defendants violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

## COUNT II

19.     Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 16 above as if reiterated herein.

20.     Defendants violated 15 U.S.C. § 1692e(3) by falsely representing or implying that representative was an attorney or was communicating on behalf of an attorney.

## COUNT III

21.     Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 16 above as if reiterated herein.

22.     Defendants violated 15 U.S.C. § 1692e(4) by representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages, where such action was unlawful and/or Defendants did not intend to take such action.

## COUNT IV

23.     Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 16 above as if reiterated herein.

24.     Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken and/or that was not intended to be taken.

## COUNT V

25.     Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 16 above as if reiterated herein.

26.     Defendants violated 15 U.S.C. § 1692e(10) by using false, deceptive or misleading representations or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

## COUNT VI

27.     Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 16 above as if reiterated herein.

28.     Defendants violated 15 U.S.C. § 1692f by using unfair and/or unconscionable means to attempt to collect the alleged debt.

## COUNT VII

29.     Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 16 above as if reiterated herein.

30.     Defendants violated 15 U.S.C. § 1692g by failing to provide a proper notice to Plaintiff as required by that section.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a.     Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of Defendants' violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b.     Judgment against Defendants for $1,000 in statutory damages for each of Defendants' violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.     Judgment against Defendants for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.     Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

KATHRYN THOMAS

By:    /s/ David B. Levin
        Attorney for Plaintiff
        Ohio Attorney No. 0059340
        Law Offices of Todd M. Friedman, P.C.
        111 West Jackson Blvd., Suite 1700
        Chicago, IL 60604
        Phone: (312) 212-4355
        Fax: (866) 633-0228
        dlevin@toddflaw.com